ALBANY,
Jan. 1833.

Village of
Buffalo
v.
Webster.

</div>

---

## VILLAGE OF BUFFALO *vs.* WEBSTER.

Where a by-law of an incorporated town forbids the *hawking about* or *selling by retail* meats within the bounds of the corporation, except at the *public markets*, and within certain distances thereof, the sale of a quarter of lamb to a grocer, at a place not within the allowed limits, and taking goods in payment is a violation of the ordinance, subjecting the seller to the penalty imposed.

*It seems* that a *stranger* would be subject to such law, and that *pro hac vice* he would be deemed an inhabitant, and chargeable with notice of the law.

ERROR from the Erie common pleas. Webster was sued before a justice for a violation of an ordinance of the corporation of the village of Buffalo as to the sale of meats. By a by-law of the corporation, it was ordained that it should not be lawful for any person within the limits of the corporation during certain months to *hawk about* or *sell by retail* any kind of fresh beef, pork, lamb or mutton for the consumption of the inhabitants of the village, except at the *public markets*, or within certain limits around the same. The defendant agreed with a grocer to let him have a quarter of lamb and to receive payment for the same in goods out of the grocery of the purchaser, and the sale and payment accordingly took place. On this evidence the justice rendered judgment against Webster for $5, the penalty prescribed by the statute. The defendant removed the proceedings by *certiorari* into the Erie common pleas, where the judgment of the justice was reversed. The trustees of the village sued out a writ of error.

*J. Edwards,* for the plaintiffs in error, relied upon the statute incorporating the village and the following authorities: 8

Village of
Buffalo
v.
Webster.

*Johns. R.* 418 ; *Comyn's Dig. tit. By-law* ; *Cowp.* 270 ; 12 *East,* 22 ; 13 *East,* 367 ; 2 *Black. Com.* 338.

*I. L. Wendell,* for the defendant in error, insisted that if the by-law should be adjudged good within the powers conferred upon the corporation, the defendant was not guilty of a violation of it, within a reasonable and sound construction. The object of the by-law was to prevent the *hawking* of meats about the streets of the village.    The mere act of a *farmer* exchanging with a *grocer* a leg of lamb for a pound of tea, ought not to have been adjudged a hawking of meats about the streets ; it was not within the mischief intended to be prevented, and if it was, the by-law is bad, as unreasonable and improperly restraining trade.    The court will not require that the farmer and the grocer should march off to the prescribed bounds, and there make their contract for the exchange of the meat for the tea, and then formally return to the shop of the grocer and perfect the contract by the delivery of the articles.    Besides, it was neither averred or proved that the defendant was an *inhabitant* of the village or had *notice* of the law.    *Comyn's Dig. tit. By-law, C.* 2.    *Cowp.* 270.    In the case in *Cowper* the party was adjudged an inhabitant *pro hac vice ;* but there the defendant had slaughtered cattle, and might well be held to be an inhabitant—he was carrying on the business of an inhabitant for the time being ; but a farmer who has a quarter of lamb in his waggon and exchanges it for necessaries with a grocer cannot with propriety, from the doing of that act alone, be adjudged an inhabitant.

*Edwards,* in reply, said that *Bush* v. *Seabury,* cited by him from 8 *Johns. R.* 418, was decisive of this case.

*By the Court,* SAVAGE, Ch. J.    By the act incorporating the village of Buffalo, the trustees are authorized to make such prudential by-laws as they may deem proper, relative to the public markets, &c. and any thing relative to the good improvement of the village, provided they are not inconsistent with the laws of the state or U. States.    *Laws of* 1822, *p.* 293, § 5.

The only question in the case is whether the by-law is valid. At common law corporations have power to make by-laws, for the general good of the corporation. They must be reasonable and for the common benefit; they must not be in restraint of trade, nor impose a burden without an apparent benefit. If it appears to the court to be reasonable, it is sufficient, though it be not averred in pleading to be so. A by-law for the regulation of trade and imposing particular restraints as to time and place is good; but general restraints are bad. 2 *Comyn's Dig.* 284 *to* 290. For example, a by-law that no meat should be sold in the village would be bad, being a general restraint; but that meat shall not be sold except in a particular place is good, not being a restraint of the *right to sell* meat, but a *regulation* of that right. So it is said that by-laws shall not extend to strangers; but within the bounds of the corporation they are obligatory upon all, as in London that no freeman or stranger shall sell cloth before it be searched at Blackwell Hall, is good against a stranger; and if the by-law ordains that goods are to be sold by weight, it applies to all, whether strangers or not. These are general rules which are applicable to the present case, but it is not necessary to resort to them, as power is expressly given by the act of incorporation to pass by-laws relative to the public markets. Laws relating to the public markets must necessarily embrace the power to require all meats to be sold there; not that every man who sells meat shall hire a stall; nor is there any such objection to the present law; any one may sell in the street adjacent to the markets. The case of *Bush* v. *Seabury*, 8 *Johns. R.* 418, is a direct authority for this case; there the act of incorporation contained the same provisions as in the case at bar; the offence was the same, and this court held that the power to make such a by-law was clearly included in the grant. The case of *Pierce* v. *Bartram, Cowp.* 269, involved the principle of this case. The by-law was that no butcher or other person should within the walls of the city of Exeter slaughter any beast. It was objected that this by-law was void, as being in restraint of trade, and including persons not free of the city. Lord Mansfield said the by-law in question is not in restraint of trade, but only a regulation of it in this

particular city ; and as to the defendant being a stranger, he said he was an inhabitant *pro hac vice.* The case of *Dunham* v. *Rochester,* 5 *Cowen,* 462, is relied on by the defendant. But that case is very distinguishable from the present. The corporation there said that the business of a huckster should not be carried on without a licence from the *corporation;* when the laws of the state had guarantied that right by taking a licence from the *commissioners of excise* of the town. The by-law imposed a charge without any correspondent benefit ; no such objection can properly be sustained against the by-law under consideration. It was within the power conferred by the charter ; it was reasonable in itself, and promotive of the public good. It was a regulation of a particular branch of business, not a restraint of it in contemplation of law.

The judgment of the common pleas must be reversed, and the judgment of the justice affirmed, with single costs.