No. 76.—Erastus Morris, plaintiff in error, *vs.* The City Council of Rome, defendant.

[1.] Where, by the charter incorporating the City of Rome, which gave power and authority to the Mayor and Council to pass all by-laws and ordinances, that should appear to them necessary and proper for the security, welfare and interest of said City, or for preserving the peace, health, order and good government thereof, and also to authorize said Mayor and Council to license persons to retail spirituous liquors within the said City: *Held*, that it was competent for said Mayor and Council to pass an ordinance to prohibit the retail of spirituous liquors by those to whom license had been granted, within the City, after the hour of ten o'clock at night— such ordinance not essentially *impairing* the right to retail under the license granted, but only *regulating* the exercise of it, for the benefit of the peace, order and good government of the City.

*Certiorari*, from Floyd Superior Court.   Decided by Judge John H. Lumpkin, July Term, 1851.

Erastus Morris and another, as partners, obtained a license from the City Council of Rome, to retail liquors in the City limits.   The license was issued March 1st, 1850.

In April, 1850, the City Council published an ordinance, by which, among other things, the keepers of retail shops were forbidden, under a penalty, to keep their shops open after the hour of 10 o'clock, P. M.

In June, 1850, Erastus Morris was brought before the Council, and fined for a violation of the above named ordinance; upon which he applied to the Judge of the Superior Court for a writ of *certiorari*, on the ground—

1st.  That the City Council of Rome had no power, under their charter, to establish the said ordinance.

2d.  Because the said ordinance could not be applied to persons who had paid for and obtained licenses prior to its publication.

3d.  Because the offence being committed by a firm, one of the parties could not be punished separately.

On hearing the application for a *certiorari*, the same was refused, to which decision the plaintiff in error excepted.

AKIN, for plaintiff in error.

No one appearing for defendant, the plaintiff was allowed to proceed, *ex parte*.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The main question made by the record in this case is, whether the City Council of Rome had the power and authority, under the charter, to enact the ordinance of which the plaintiff in error complains.

By the 5th section of the Act incorporating the City of Atlanta, it is declared, that the " Mayor and Council shall have full power and authority to pass all by-laws and ordinances that shall appear to them necessary and proper for the security, welfare and interest of the said City, or for preserving the peace, health, order and good government thereof." By the 22d section of said Act, it is enacted, that each and every provision contained in the Act of 1847, relating to the City of Atlanta, shall apply to and be of force as to the City of Rome. *Pamphlet Laws*, 1847, 56.

We will concede that the City Council of Rome had granted a license to the defendants to retail spiritous liquors within the City, *prior* to the date of the ordinance in question, which by the 18th section of the Act they have the authority to do, then the inquiry is, does the ordinance complained of violate or impair any legal right of the defendant, acquired by virtue of such license ? We do not think that it does. It is true, the ordinance prohibits him from retailing after the hour of ten o'clock at night, but this does not essentially *impair* his right to retail spirituous liquors under the license granted to him ; it only *regulates* the exercise of that right, which the Mayor and Council, under the authority delegated to them by the Legislature, have deemed to be " necessary and proper for the security, welfare and inter-

est of said City, and for preserving the peace, order and good government of the same." *Naigle vs. The City Council of Augusta,* 5 *Ga. Rep.* 549. So far from considering the ordinance unnecessary or obnoxious to the peace and good government of the City, we think it is eminently calculated to be productive of the best results; at any rate, the competent authority has so adjudged, and the defendant, as one of the citizens of Rome, is bound to conform thereto, so long as it remains the law of the City.

The objection, that inasmuch as the license was granted to two co-partners, by their firm name, to retail, and only one of them was fined for a breach of the ordinance, we have only to remark, that the partner *who violated the law* has been punished by the imposition of the penalty prescribed, who is alone liable for the violation of the ordinance, and not his co-partner, who *did not violate it.*

Let the judgment of the Court below be affirmed.