## FROLICKSTEIN *vs.* MAYOR OF MOBILE.

[PROSECUTION FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Constitutionality of law prohibiting sale of goods on Sunday, as applicable to Jews.*—A statute, or municipal ordinance, prohibiting the sale of goods by merchants on Sunday, in its application to religious Jews, "who believe that it is their religious duty to abstain from work on Saturday, and to work on all the other six days of the week," is not violative of the 3d section of the 1st article of the State constitution, which declares that no person shall, "upon any pretense whatever, be hurt, molested, or restrained, in his religious sentiments or persuasions."

APPEAL from the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THE appellant in this case was fined twenty-five dollars by the mayor of Mobile, for the violation of a municipal ordinance prohibiting the sale of goods by merchants on Sunday, and carried the case, by appeal, into the city court, where a complaint was filed against him, in the name of " the mayor, aldermen, and common council of the city of Mobile," in the following words : " The plaintiff claims of the defendant the sum of twenty-five dollars, as a penalty for the breach by the defendant of section 305 of a city ordinance, entitled 'An ordinance to regulate the observance of the Christian Sabbath day,' which ordinance is fully set forth in the compilation of ordinances called the ' Municipal Laws,' in chapter 35 of said compilation ; which ordinance is hereby made a part of this complaint. And plaintiff avers, that the defendant did, on the 21st

day of January, 1866, within the corporate limits of said city, he being a keeper of a dry-goods store, where goods and merchandise are sold, allow the same to be kept open, or did sell or permit to be sold, or endeavor to sell, or permit such endeaver to sell, certain goods, wares, or merchandise therein, on the Christian Sabbath day, contrary to, and in violation of, said city ordinance; whereby defendant became liable to pay the plaintiff the said sum of twenty-five dollars penalty, as aforesaid, for breach of said city ordinance as aforesaid."

On the trial in the city court, the cause was submitted to the court for decision, on the following agreed statement of facts: "It is admitted in this case, that the defendant, Frolickstein, sold a pair of *shoes*, on Sunday, the first day of the week, known as the Christian Sabbath. But it is also admitted, that the defendant is a Jew by birth, and a strict member of the Jewish church, and believing in the religion and faith of the Jewish church; that according to the religious faith of the Jews, Saturday is the Sabbath, and on that day the defendant *does no work*, because he is so commanded by the law of Moses, and the defendant believes such to be the command of God; but by the same command, and by the same faith, which is his religious belief, and is also the faith and belief of the Jewish church, he, and all Jews, believe that it is their religious duty to work on all of the other six days of the week; that in obedience to his religious belief, and the command aforesaid, he sold said pair of *shoes*, and not otherwise, on Sunday, which is the Christian Sabbath. Upon these facts, the case is submitted to the court, as on a special verdict, and the judgment of the court is prayed thereon."

On these facts, the court rendered judgment against the defendant, for the amount of the penalty prescribed by the ordinance; to which the defendant excepted, and which he now assigns as error.

DARGAN & TAYLOR, for appellant.
W. BOYLES, and C. F. MOULTON, *contra.*

A. J. WALKER, C. J.—The third section of the first article of the constitution prescribes, "that no person within the State shall, upon any pretense whatever, * * * * * be hurt, molested, or restrained, in his religious sentiments or persuasions, provided he does not disturb others in their religious worship." It is said that the appellant is a pious Jew, whose religious sentiments and persuasions lead him to the conviction that it is his duty to labor the other six days in the week besides Saturday, and that he is therefore restrained in his religious sentiments or persuasions by a municipal regulation, which forbids him to sell goods from his store on the first day of the week. The law does not hurt, molest, or restrain the appellant, in the entertainment or expression of what he regards as a religious sentiment or persuasion. It simply prohibits the performance of an act, which he supposes to be required by a religious duty. It can not be that the constitution designed to exclude from the prohibitory power of legislation every act, which a sentiment or persuasion, regarded by any one as of a religious character, may dictate. Such a doctrine would lead to the constrained toleration of crime, equally abhorrent to the Jew and the Christian. Acts must at least be the fruit of a sentiment or persuasion *in fact* religious, in order that an immunity from legislative prohibition may be claimed. It would be subversive of good government to subordinate the power of restraining acts prejudicial to the public welfare, and productive of social injury, to the convictions of each individual as to the acts which religious sentiment may demand. However much we may respect the conscientiousness and religious devotion of the appellant, we can not regard the rule which he prescribes for himself, otherwise than as an industrial regulation, which is not required by a sentiment in fact religious, although so conscientiously regarded by him. We do not think that the terms used in the constitution are susceptible of such meaning as would negative the power of the legislature to prohibit the act done by the appellant on Sunday.

The legally constrained abstinence from certain worldly employments on the first day of the week can not be jus-

tified upon the ground, that such abstinence is enjoined by the Christian religion. The legislature is under constitutional restrictions against compelling the observance of a Christian, or Jewish, or any other religious institution, because it is such. But the legislature is not prohibited from making municipal regulations, because they have the sanction also of a religious society. The legislation on the subject of abstaining from worldly employments on the first day of the week is referred to the police power of the legislature. It has its sanction in the teaching of experience, that the general welfare and the good of society require a suspension of labor and business for one day in seven, and that that day should be one of uniform observance. The exercise of the power to enforce this theory of public good would not infringe the constitution, whether the designated day should be the Christian or the Jewish Sabbath.

Affirmed.