36  215
63  251

## STATE *vs.* JOHN WELCH.

A city charter provided that the common council of the city should have power to pass by-laws not repugnant to the laws of the state for the prevention of vice, the preservation of order and the suppression of disorderly houses; also that the mayor of the city should have power to order all saloons and places where intoxicating liquors were kept and sold, to be closed at such suitable hour of the evening as the common council should from time to time designate. Held that the common council had power to pass a by-law that all places where intoxicating liquors were kept and sold should be closed from half-past ten each night to five o'clock the next morning, under a penalty of $25 for every breach of the by-law.

Held also that it was no objection to this construction of the charter that a general statute forbade the selling or keeping for sale of any intoxicating liquors, and also forbade the keeping open on Sunday of any place where liquors were kept and sold.

So far as such a general statute covers the same ground with a city by-law authorized by statute, both cannot be enforced so as to subject a party to a double penalty. But the operation of the city by-law would not be affected as to any ground not covered by the statute.

INFORMATION by the city attorney of the city of Meriden to the police court of that city, charging the defendant with keeping open, within the city, a saloon where intoxicating liquors were kept and sold, between the hours of ten and a half o'clock at night and five o'clock in the morning, in violation of a by-law of the city forbidding the same and imposing a penalty of $25 therefor. The case came by appeal to the Superior Court for New Haven county, where, upon a demurrer of the defendant to the information, the case was reserved for the advice of this court. The case is sufficiently stated in the opinion.

*Doolittle,* in support of the demurrer.

*Foster,* (State Attorney,) and *O. H. Platt,* contra.

CARPENTER, J. This is a prosecution against the defendant for the infliction of a penalty, claimed to have been incurred by him, for the violation of a by-law of the city of Meriden. The complaint is demurred to, on the ground that the charter confers upon the court of common council no power to make the by-law in question.

It is true, as the defendant claims, that the 47th section of the charter confers no authority, in terms, to impose a penalty; and if the power claimed is derived from that section alone it might be difficult to sustain the validity of this by-law. It is clearly inferable however from that section that the charter somewhere contains authority for making such a by-law. It plainly contemplates that the court of common council shall, from time to time, "fix upon and designate" some "suitable hour of the evening" for closing "all saloons and other places where spirituous and intoxicating liquors are commonly kept and sold." By a reference to the 17th section, which enumerates the subjects in relation to which by-

State *v.* Welch.

laws may be made, we find among them, " the preservation of public peace and good order; the prevention and quelling of riots and disorderly assemblages; the suppression of gambling houses, and houses of ill fame, and disorderly houses; the conferring upon the mayor and police officers of the city all powers necessary for such purposes &c." Construing the language here used in connection with the 47th section, we entertain no doubt that the by-law is authorized by the city charter.

But it is said that this matter is a subject of general statute law, and that it will not be presumed that the state intended to confer this power by any general expressions. The statute prohibits the sale, or the keeping for sale, of any spirituous or intoxicating liquors; but does not prohibit the keeping open of the place where they are sold, except upon the Sabbath. The statute does not apply to the evenings of week days, and consequently does not interfere with the operation of the by-law on those evenings. So that there is room to give substantial effect to the by-law. It is a case of two jurisdictions dealing with the same subject matter. Both however cannot be enforced in respect to the same act so as to subject a party to a double penalty. In such cases the superior jurisdiction would ordinarily prevail to the exclusion of the inferior. But the statute does not render the by-law wholly inoperative. The most that can be claimed is, that it is inoperative so far as its operation interferes with the operation of the statute. Such interference is not a sufficient reason for construing the charter so as to defeat the manifest intention of the legislature.

The Superior Court is advised to overrule the demurrer.

In this opinion the other judges concurred, except HINMAN, C. J., who died after the case was heard but before it was decided.