## VILLAGE OF CHEBANSE
### v.
## JAMES McPHERSON.

POLICE REGULATION OF VILLAGE—PROHIBITING TRADE ON SUNDAY.— Under paragraph 66, Article 3, Section 1, of the act in relation to cities villages and towns, which provides that the board may pass ordinances to regulate the police of the city or village, and pass and enforce all necessary ordinances, a village ordinance was passed prohibiting the keeping open in said village, places of business for the purpose of vending goods, wares and merchandise on Sunday, with certain exceptions named. *Held*, that the regulation of labor, trade and traffic on Sunday is a part of the legitimate powers of a city or village, within the meaning of the act, and that the ordinance in question is valid.

ERROR to the County Court of Iroquois county; the Hon. STEPHEN G. BOVIE, Judge, presiding. Opinion filed August 20, 1884.

Mr. TRACY B. HARRIS and Mr. THOMAS S. SAWYER, for plaintiff in error; cited Dillon on Municipal Corporations, §§ 329, 330.

Village of Chebanse v. McPherson.

Mr. WILLIAM POTTER, for appellee; cited Calder Naviga-
tion Co. v. Pilling, 14 M. & W. 76; Dillon on Municipal
Corporations, §§ 263, 518; City of Cairo v. Bross, 101 Ill. 475;
City of Alton v. Hartford Fire Ins. Co., 72 Ill. 328; Schott v.
People, 89 Ill. 195; Town of Petersburg v. Metzker, 21 Ill. 205.

LACEY, J. This suit was commenced by the plaintiff in
error against the defendant in error in an action of debt to re-
cover a penalty against the defendant for the violation of a
certain ordinance of the village prohibiting the keeping open
in the said village, places of business for the purpose of vend-
ing goods, wares and merchandise on Sunday, with certain ex-
ceptions named in the ordinance. The declaration was in
proper form, showing the passage and proper publication of
the ordinance and its violation by the defendant in error, who
was engaged in the business of vending goods, wares and
merchandise in said village by keeping open his place of busi-
ness in said village for the purpose of vending and for vend-
ing goods, wares and merchandise therein on Sunday, and that
he came within none of the exceptions provided for in the or-
dinance, claiming the penalty provided for in the ordinance
of not less than five and not more than fifty dollars for each
offense, and amounting as declared for in the declaration to
$150. The declaration was demurred to by the defendant in
error, the demurrer sustained by the court, and the plaintiff
in error abided its declaration; and judgment having been
rendered against it for costs, the case was brought here by
writ of error and the action of the court below in sustaining
the demurrer assigned for error.

The village was organized under the general incorporation
law, and the power is claimed on the part of the plaintiff in
error to pass the ordinance under paragraph 66, Art. 5, Sec.
1, in the act in relation to cities, villages and towns, which
provides that the board may pass ordinances to regulate the
police of the city or village, and pass and enforce all necessary
ordinances. It is denied on the part of the defendant in er-
ror that such statute authorizes the passage of the ordinance in
question. It is claimed also that the passage of such an ordi-

nance would not be in accordance with the general statute law on the same subject, to wit, Sec. 261 of the Criminal Code, which prohibits the disturbance of the public peace on Sunday by labor, and the case of Richmond v. Moore, 107 Ill. 429, which decides that making and executing a contract on Sunday is not a violation of the above statute and that such contract is valid.

The question in this case hinges upon the proper construction of said paragraph 66 in the general incorporation act. If the right to pass the ordinance in question is within the proper exercise of the power conferred by that act to pass ordinances to regulate the police of the city or village, then the court below erred in sustaining the demurrer, notwithstanding the general statute on the same subject may not go so far, and only prohibits the doing of work or labor by which the public peace and quiet is disturbed. The charter in question does not provide that all the ordinances in the city or village shall conform either in their scope or penalties to the general statute law on the same subject, as the charter of Petersburg did, as seen by Town of Petersburg v. Metzker, 21 Ill. 205. And we may remark that it is not so sure that the selling generally of goods in a village in the ordinary way of carrying on business or trade, would not be held to be labor within the meaning of the general statute, though it is not necessary to decide this point here. In deciding this case we are necessarily compelled to determine the sense and meaning of the term "police" as used in the portion of the general charter in question. It is not claimed nor could it be with any show of legal precedent, that the legislature of the State might not pass a law prohibiting the sale of goods on Sunday the same as the ordinance has done under the general police powers of the State legislature. The general police power of the State legislature to pass laws for the benefit of the people and society generally is very comprehensive and is used in an enlarged sense, permitting the passage of laws for the protection of life, liberty and property, or laws for the general welfare, only limited by the provisions of the constitution; but the word has a more limited and restricted sense as used

in said Par. 66, Sec. 1, Article 5 of the general incorporation act in relation to cities, towns and villages, and may be regarded as restricted to those subjects pertaining to the health, morals and good order of the people within the city, town or village. Hawthorn et al. v. The People, 109 Ill. 302; Harman v. Chicago, filed at Ottawa, June, 1884. We think that the regulation of trade on the Sabbath certainly pertains to and affects the good order of society, at least in the opinion of the majority of the people. The Christian Sabbath in the opinion of all believers in the truths of the Christian religion is a day which God appointed to be observed as a day of rest from all secular labor or employments, and to be kept holy and consecrated to His service and worship, and is observed in commemoration of the resurrection of Christ on that day, by which the work of redemption was completed, and Sunday in this ordinance is used as synonymous with the Christian Sabbath. All people in this State, with scarcely an exception, observe the day as a day of quiet and rest. We regard the regulation of labor, trade and traffic on that day as a part of the legitimate powers of the city or village within the meaning of the act, and therefore the village had the power to pass the ordinance, and that the ordinance in question was valid. We cite the following authorities in support of this view, which we think fully sustains the doctrine:

1 Dillon on Municipal Corporations, 600, Sec. 329, 330; St. Louis v. Cafferathe, 24 Mo. 94; State v. Cowan, 29 Mo. 330; State v. Almes, 20 Mo. 214; Frolischstein v. Mobile, 40 Ala. 725; Hudson v. Georcy, 4 R. I. 485; Specht v. The Commonwealth, 8 Penn. St. 312; Cin. v. Rice, 15 Ohio, 225; Korwitch v. Atlanta, 44 Geo. 204; City Council v. Benjamin, Strob. S. C. 508; McGovern v. Commonwealth, 2 Met. (Ky.) R. 3; State v. Welch, 36 Conn. 215.

The judgment of the county court is therefore reversed and the cause remanded.

Reversed and remanded.