THE PEOPLE OF THE STATE OF NEW YORK ᴇx ʀᴇʟ. LINSLEY M. GOULD, APPELLANT, *v.* THE CITY OF ROCHESTER, RESPONDENT.

*City ordinances — power of the city of Rochester to appoint an inspector of weights and measures — when an ordinance is not unreasonable because conferring upon the inspector discretionary powers as to the time of inspection.*

*Certiorari* to review the proceedings and judgment of the Police Court of the city of Rochester, convicting the relator of violating an ordinance of that city, providing that "it shall be the duty of the city sealer, and he is hereby authorized, to inspect and examine, at least once in every six months hereafter, *and as much oftener as he thinks proper*, all weights and measures used by any corporation, merchant, retailer, trader or dealer for weighing or measuring. Such weights and measures shall be inspected at the place or places where the same are kept for use, but if such weights and measures shall be found not conformable to the standard, they shall be sent by the owner or owners thereof to such place in said city as the sealer shall direct for the purpose of being sealed, within three days after such owner or owners shall be required to do so by said sealer."

*Held*, that the common council was authorized by the provisions of its charter to make the ordinance.

That the provision authorizing the sealer to inspect and examine the weights and measures "as much oftener" as he thought proper was not an unseasonable one.

That the common council had power to insert the provision giving to the sealer authority to require the merchant to send his weights and measures to such places in the city as he might direct.

That the relator was not in a position to attack these provisions, as it did not appear that the time at which he was requested to exhibit his weights for inspection, was within the period of six months of any previous examination by the officer, nor was his conviction founded upon a refusal to send the weights to any place for correction and sealing, but for a refusal to exhibit them.

CERTIORARI to the police justice of the city of Rochester to review the proceedings and judgment of the Police Court convicting the relator of a violation of an ordinance of the city and imposing upon him the payment of the penalty prescribed by it for such violation.

*Thomas & Desmond*, for the relator.

*Henry J. Sullivan*, for the defendant.

BRADLEY, J.:

The relator was arrested upon a warrant issued against him and taken before the Police Court of the city of Rochester upon the charge that he had violated a city ordinance which provided that (sec. 3) "it shall be the duty of the city sealer, and he is hereby authorized, to inspect and examine, at least once in every six months hereafter, and as much oftener as he thinks proper, all weights and measures used by any corporation, merchant, retailer, trader or dealer, for weighing or measuring. Such weights and measures shall be inspected at the place or places where the same are kept for use, but if such weights and measures shall be found not conformable to the standard they shall be sent by the owner or owners thereof to such place in said city as the sealer shall direct, for the purpose of being sealed, within three days after such owner or owners shall be required to do so by said sealer. If any such corporation, merchant, retailer, trader or dealer shall refuse to exhibit any such weights and measures to the said sealer when required to do so by him, or in any manner obstruct such sealer in the performance of the duties hereby enjoined upon him, or shall refuse or neglect to send any such weights or measures for the purpose of being sealed, as aforesaid, within the time and to the place aforesaid, he shall forfeit and pay a penalty of ten dollars for each offense."

The relator was a retail grocer in the city, and the particular violation charged against him, and which the evidence tended to prove, was that on July 20, 1886, the sealer went to his store for the purpose of examining and sealing his weights, and that the relator by force prevented him from doing so, and refused to exhibit to the sealer his weights after he was requested by him

to do so. This ordinance purports to have been passed November 30, 1880, and the power to pass ordinances upon the subject is given by the statute, which provides : " The common council may make such orders and by-laws as it shall deem proper and necessary, and, further, it shall have power to make such ordinances, by-laws and regulations as it may deem desirable within the said city for the following purposes : To require every merchant, retailer, trader and dealer in merchandise or property of any description which is sold by measure or weight to cause their weights and measures to be sealed by the city sealer, and to subject to his inspection, and may impose penalties for any violation of any such such ordinance." (Laws of 1880, chap. 14, § 40, sub. 28.)    And may for violation of its ordinances prescribe a penalty not exceeding $150, etc. (Id., § 43.) The statute also provides for the appointment of a sealer for the city (Id., §§ 6, 8), and that he shall possess the like powers, be subject to like obligations, and receive the same fees as the sealers of weights and measures of the several towns of the State. (Id., § 78.) The subject of regulation of the standard of weights and measures and of requiring dealers and traders to conform to it, and the appointment and election of officers for that purpose, have been matters of legislation in this State from an early day (Laws of 1784, chap. 25 ; Laws of 1813 [1 R. L.], 376 ; 1 R. S., 606), and is recognized by the Constitution (art. 5, § 8).

It is done for the benefit and protection of the public, and is in the nature of police regulations, and clearly within the legislative power which may also be conferred upon municipal corporations to provide by ordinances a system, and for its execution to require within their respective limits conformity to the established standard of weights and measures by dealers who have occasion to use them in their business. (*Buffalo* v. *Webster*, 10 Wend., 99 ; *Stokes* v. *New York*, 14 id., 87.)    The ordinances must be reasonable in their provisions.    It is contended that the one in question is unreasonable because it provides not only that the sealer may every six months, but " as much oftener " as he thinks proper, inspect and examine the weights and measures.    The objection made is to this discretionary power sought to be given to the officer to inspect and examine as often as he may think proper to do so.    The purpose of the statute, the ordinance, and of the creation of the office, and fur-

nishing the officer, is the protection of the public by seeing that the measure in weight and bulk by which sales and purchases are made corresponds with the standard, and, therefore, this matter is placed under the supervision of this officer, and power is necessarily vested in him to accomplish the object in view. To render the system and its purpose effectual it may be quite necessary that he should have this power given to him in that respect. And the time and circumstances which may require inspection and examination of the weights and measures of a dealer is very properly, to some extent, left to his judgment. His duty requires it every six months. Attention may be required at intermediate times to a greater or less extent, and when he deems it necessary his authority enables him to see that the law is not violated intentionally or by mistake. It cannot be assumed that in the exercise of the power devolved upon him, the officer will be governed by any motive other than such as in his judgment the discharge of his duty requires. It is also urged that it was not in the power of the common council to embrace, within the powers given the sealer, authority to require the merchant to send his weights and measures to such place in the city as the officer may direct. It will be observed that this provision becomes applicable only in the event that they are not in conformity with the standard, and then they are to be sent to such place to be brought into such conformity and sealed. This may properly require something done which cannot conveniently be performed at the store, and to do which the officer may have a suitable place.

Section 78, before referred to of the statute, applies the powers and obligations of the town sealers to the officer in question. By reference to the powers and duties possessed by them it will be observed that it is contemplated that when weights and measures in use do not conform to the standard, the sealer will or may make them so correspond and seal them. (1 R. S., 610, § 28.) It is evidently with that view that the sealer may deem it advisable to provide a place for that service, and we see in such provision no impropriety, assuming, as we do, that the officer at all times when engaged in official duty will act in good faith. It is quite certain that when the implements for measure and weight do not correspond with the requirement, the owner has no lawful use for them in his mercantile business. But these criticised provisions of the ordi-

**106** PEOPLE ex rel. GOULD v. CITY OF ROCHESTER.

FIFTH DEPARTMENT, JUNE TERM, 1887.

nance furnish no cause of complaint for the relator. It does not appear that the time he was requested to exhibit his weights for inspection was within the period of six months of any previous examination of them by the officer, or that his alleged violation of the ordinance was founded upon refusal to send the weights to any place for correction and sealing. And whatever view may be taken of those it does not affect the validity of the other provisions of the ordinance, as they are not dependent upon each other for practical application and effect. (*Rogers* v. *Jones*, 1 Wend., 237; *People ex rel. City of Rochester* v. *Briggs*, 50 N. Y., 553, 566.)

It is also contended that this alleged ordinance never became effectual as such, because not passed by the common council, or not in the manner requisite for such purpose. A copy of this, with other sections, all of which, numbered 1, 2, 3, 4 and 5, purporting to have been passed November 30, 1880, certified by the clerk of the city with the seal of the corporation annexed was offered and received in evidence in the Police Court This was competent and *prima facie* evidence of the ordinance and its proper passage. (Laws, 1880, chap. 14, § 44.) The several sections related to the one subject of the regulation of weights and measures. The city clerk was called as a witness, and testified " that the ordinance produced and offered in evidence was a true copy of a penal ordinance of the city of Rochester relating to weights and measures enacted and adopted by the common council on November 30, 1880." And on his cross-examination he said he had the original minutes of the council of its meeting of November 30, 1880, and that he found an entry which he read in these words, " the penal ordinances were adopted by the following vote," to which is added " yeas," followed by the names of sixteen persons with none in the negative. The witness further says, " this is the only entry which I find relating to penal ordinances." Upon this the relator's counsel objected to the reception of the certified copy in evidence upon the ground that it appeared from the clerk's minutes of the proceedings of the common council, on November 30, 1880, that no such ordinance was passed.

It is difficult to see the force claimed by the counsel for the relator for this evidence of the clerk, and of the objections taken. The entry of the vote of the common council and of its effect, as

declared, was that penal ordinances were adopted on that day, and it will be assumed that it was properly done in support of the performance of official duty until the contrary appears. The book itself was not put in evidence, and it is not before us to show what it did contain, and we have no proof in that respect except that given by the clerk. The fact that the entry read was the only one he found there relating to penal ordinances does not necessarily overcome the evidence that such ordinances were in fact passed that day. The court found against the relator on the fact. And the party alleging error must clearly establish the foundation for its support, as all reasonable intendments go to sustain the conclusion and judgment of the court which is in review. There seems to be no other question requiring consideration.

The judgment should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

Judgment affirmed, with ten dollars costs and disbursements.