EX PARTE, BARNEY THOMAS, *Plaintiff in Error*, v. FRANK D. SAUNDERS, MARSHAL OF CITY OF PENSACOLA, *Defendant in Error*.

MUNICIPAL LAW—REGULATION OF TIME OF OPENING AND CLOSING LIQUOR SALOONS.

> Under a statute granting to the city of Pensacola the power "to pass, for the government of the city, any ordinance not in conflict with the constitution of the United States, the constitution of Florida, and statutes thereof," the city council has the power to enact an ordinance providing: "That no saloon, barroom or other place where spirituous, vinous and malt liquors are sold, drank or handled, shall be open for the transaction of any business whatever, or shall any business of any kind be done in any such place, or shall anyone except the proprietor or his regular employees enter any such place at any time during the hours from nine o'clock p. m. to five o'clock a. m. or at any time on Sunday."

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery,* for plaintiff in error;

*Jno. B. Jones,* for defendant in error.

TAYLOR, J.—The city of Pensacola by its council enacted an ordinance on September 26th, 1907, the fourth section of which is as follows:

"That no saloon, barroom, or other place where spirituous, vinous and malt liquors are sold, drank or handled, shall be open for the transaction of any business whatever, or shall any business of any kind be done in any such place, or shall any one except the proprietor or his regular employees enter any such place at any time during the hours from nine o'clock p. m. to five o'clock a. m. or at any time on Sunday."

For an infraction of this provision of said ordinance the plaintiff in error was tried, convicted and sentenced by the municipal court of said city. To relieve himself from detention by the city marshal, in whose custody he was held for non-payment of the fine imposed, he sued out writ of *habeas corpus* in the circuit court of Escambia county, upon the hearing of which before the circuit judge he was remanded to the custody of the city marshal, and for the review of this judgment of the circuit court brings it here by writ of error.

The sole question presented is whether the city council of said city had the power to enact the quoted ordinance, the contention of the plaintiff in error being that it did not have such power. This contention cannot be sustained.

Section 18 of chapter 4513, laws enacted in 1895,

being the charter act of said city of Pensacola, provides as follows:

"The city council shall have power to pass, for the government of the city, any ordinance not in conflict with the constitution of the United States, the constitution of Florida, and statutes thereof."

If there were no other provisions of law empowering the said municipality to enact the ordinance in question, this general provision, it is well settled, was an ample delegation of such power. 1 Dillon on Municipal Corporations, (4th ed.) §400; Ex parte Hayes, 98 Cal. 555, 33 Pac. Rep. 337, 20 L. R. A. 701; Ex parte Campbell, 74 Cal. 20, 15 Pac. Rep. 318; State v. Freeman, 38 N. H. 426; State v. Clark, 8 Foster (N. H.) 176; Staates v. Borough of Washington, 44 N. J. L. 605; Crowley v. Christensen, 137 U. S. 86, 11 Sup. Ct. Rep. 13; State v. Welch, 36 Conn. 215; Village of Platteville v. Bell, 43 Wis. 488; Morris v. City Council of Rome, 10 Ga. 532. But it is contended, the quoted ordinance is in conflict with and inconsistent with the following provision of section 8 of chapter 5597, laws enacted in 1907, entitled: "An Act Imposing Licenses and Other Taxes, Providing for the Payment Thereof, and Prescribing Penalties for Doing Business Without a License, or Other Failure to Comply with the Provisions Thereof:" *viz*:

"Provided, That no license issued under the provisions of this act shall allow the holder thereof to sell such liquors as described in this act between the hours of 12 o'clock Saturday night, and 12 o'clock Sunday night," etc.

The eighth section of the last mentioned chapter, from which the quoted provision is taken imposes license taxes on dealers in intoxicating liquors for the State and

counties and authorizes municipalities to impose such taxes upon the same occupations, and provides for the procurement and issuance of licenses to conduct such business upon payment of such tax. The quoted proviso does not undertake to infuse into the licenses provided for by the act and mentioned in said proviso any affirmative right in the licensee to carry on his liquor business on Saturday night, or on any other night, up to the hour of twelve o'clock, but simply negatives the protection of such license between the hours of 12 o'clock Saturday night and 12 o'clock on the ensuing Sunday night, and is simply an affirmative declaration that such license shall not authorize the conducting of such business during any hour of the day Sunday. The questioned city ordinance is not inconsistent therewith nor in conflict therewith, but provides a legitimate regulation within the city limits of the liquor traffic therein, by requiring all places where intoxicants are sold to close and remain closed between the hours of 9 o'clock p. m. and 5 o'clock a. m. and during the whole of Sunday. See the authorities *supra,* particularly State v. Welch, 36 Conn. 215. When such licensees take out their licenses to engage in such business they take the same subject to the power of the municipality in which such business is to be carried on to place such reasonable regulations upon the conduct thereof as may be conducive to the public welfare and good order of the community.

The judgment of the circuit court is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.