(116 So. 306)

## HUDGINS v. STATE. (8 Div. 639.)

Court of Appeals of Alabama. March 27, 1928.

O. M. Rains, of Scottsboro, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. The grand jury indicted this appellant for a violation of section 5539 of the Code of 1923; the specific charge being that he did compel his child or children to perform labor, not the customary duties of daily necessities or comfort or works of charity, on Sunday, against the peace and dignity of the state of Alabama.

No demurrer or other objection was interposed by the defendant who upon arraignment entered his plea of "not guilty." The indictment not being void, the plea of defendant had the effect of waiving any defect contained therein.

Upon the trial, no jury having been demanded, the cause was heard and determined by the court upon the following agreed statement of facts:

"It is agreed in this case that the facts are as follows: In this county, and within 12 months before the finding of this indictment, the defendant compelled his children, who are minors, to labor on the farm in his crop on Sunday. The defendant belongs to a religious organization that believes in keeping Saturday as the Sabbath and not Sunday. He gave his children the option to work on Saturday or Sunday, as they preferred, and they preferred to keep Saturday and work on Sunday, which they did as above set out. And defendant is a farmer."

By express terms of the statute, any person who compels his child to perform any labor on Sunday (except the customary domestic duties of daily necessity or comfort, or works of charity) must be fined not less than $10 nor more than $100, and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than three months.

By the agreed statement of facts, the defendant's mandate to his children brought him clearly within the inhibition of the statute. There is no law of this state which requires that the accused should make his children work on Saturday, but the law of this state forbids that he compel them to

work on Sunday. If he lives within the confines of this state, and he does, he must conform to, and abide by, the laws of the state. We refrain from a discussion of the origin of the statute in question which has been upon the statute books of this state, and repeatedly upheld, since March 12, 1803. Suffice it to say that the present statute on the subject is a valid one, and that the defendant, appellant here, admittedly and flagrantly violated same, and his conviction by the court below was proper, and in conformity to law. Frolickstein v. Mayor, 40 Ala. 725.

Any law which would give to one religious denomination a privilege which is not enjoyed equally by all other denominations would be invalid and repugnant to the fundamental law of the land.

It has been well said:

"Christianity is a part of the common law of the state in a qualified sense, that is, its divine origin and birth are admitted; and therefore it is not to be maliciously and openly reviled and blasphemed against, to the annoyance of believers and the injury of public."

The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.