2 So.2d 320

## ALLEN v. STATE.

7 Div. 559.

Court of Appeals of Alabama.

Feb. 25, 1941.

Rehearing Denied March 18, 1941.

Reversed on Mandate May 13, 1941.

Motley & Motley, of Gadsden, for appellant.

148

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

**RICE, Judge.**

Appellant was tried under an indictment in words and figures as follows, to-wit:

"The Grand Jury of said county charges that before the finding of this indictment Bill Allen, whose true name is otherwise unknown, willfully, and without consent of the owner entered upon the land or property of Charlie Mitchell, and carried away therefrom 24 windows complete and 6 doors of the value of $36.00, the personal property of Charlie Mitchell, contrary to law and against the peace and dignity of the State of Alabama."

Upon the trial, upon the close of the State's testimony, making out a case fit to be submitted to the jury, the defendant (appellant) declined to offer any testimony; but contented himself with making a motion to exclude the testimony, followed by a request in writing that the court charge the jury that it could not find the defendant (appellant) guilty under the evidence, in other words that the court give to the jury the general affirmative charge to find in his favor.

Here, on appeal after his conviction, the argument is made in appellant's behalf that the indictment, unchallenged in the court below, was void. And that hence the judgment of conviction must be reversed. Holt v. State, 86 Ala. 599, 5 So. 793.

It is true the indictment here, which the parties concede to be drawn under the provisions of Code 1923, Section 4905, Code 1940, Tit. 14, § 331; and purports to follow paragraph 5 of subsection 64 of Section 4556 of the Code of Alabama, 1923, Code 1940, Tit. 15, § 259, form 66, par. 5, the Code form of indictment prescribed for the offense with which defendant (appellant) was charged, does not contain the word *knowingly* where same occurs in the said Code form, or in the pertinent portion of Code Sec. 4905.

But it is the law that "if the indictment is framed under a statute [as here] which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, *or other words equivalent in meaning*, all the statutory elements which are essentially descriptive of the offense." (Italics supplied by us.) Holt v. State, supra.

It is also true that an indictment *substantially* following the language of the Statute creating the offense, is not void. Oliver v. State, 16 Ala.App. 533, 79 So. 313; Worrell v. State, 12 Ala. 732; State v. Bullock, 13 Ala. 413; Nix v. State, 27 Ala.App. 94, 166 So. 716.

And, that a plea of not guilty on arraignment waives defects in an indictment which is not void. Hudgins v. State, 22 Ala.App. 403, 116 So. 306; Carruth v. State, 23 Ala.App. 113, 121 So. 498; McCleskey v. State, 28 Ala.App. 97, 179 So. 394.

We are of the opinion that the allegation in the indictment that defendant (appellant) *willfully* did the acts complained of, *contrary to law*, is *substantially equivalent* to alleging that he *knowingly* did so. And that the indictment was not *void*, but merely *demurrable*.

By pleading not guilty and going to trial on the indictment as drawn, appellant waived all demurrable defects and cannot now be heard to complain.

The judgment of conviction is affirmed.

Affirmed.

**PER CURIAM.**

Reversed and remanded on authority of Allen v. State, 241 Ala. 137, 2 So.2d 321.