A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

31 So.2d 139

## CUSIMANO v. STATE.

### 7 Div. 861.

Court of Appeals of Alabama.
March 11, 1947.

Rehearing Denied March 25, 1947.

BRICKEN, Presiding Judge.

At the Fall Term of the Circuit Court of Etowah County the grand jury returned an indictment against this appellant (defendant below) which reads as follows:

"The State of Alabama ⎱ Circuit Court
Etowah County ⎰ Fall Term 1944
Count 1

"The Grand Jury of said County charges that before the finding of this indictment that Joe Cusimano did transport, in Etowah County, Alabama, in quantities of Five Gallons or more, prohibited liquors or beverages, a part of which was alcohol, the sale, possession or transportation of which is prohibited by law, contrary to law and against the peace and dignity of State of Alabama."

Said indictment was returned and filed in open court on September 22, 1944.

The defendant was arraigned upon said indictment on March 28, 1945, and the pertinent portion of the judgment entry reads as follows: "On this the 28th day of March. 1945 comes the State by its Solicitor, and the Defendant in open court in person, and by and through his attorney, and upon being duly arraigned and hearing the indictment against him read pleads guilty thereto. The defendant in open court, being asked by the court if he has anything to say why the sentence of the law and the judgment of the court should not now be pronounced upon him, says nothing. It is therefore considered and adjudged by the court, and it is the judgment and sentence of the court that as punishment for this offense the defendant be and he is hereby sentenced to imprisonment in the penitentiary of the State of Alabama for a period of One year and One day."

On the same day, March 28th, 1945, the defendant made application for probation to the trial court, and by order of the court was released upon his same bond pending action on said application for probation.

The next orders made and entered, as appears of record, are as follows:

"The Defendant having applied for the benefits of probation within one (1) day after sentence and the Court having examined the cause it is ordered, adjudged, and decreed, on this the 15th day of September, 1945, that said application be, and the same is hereby denied.

"On this the 15th day of September, 1945, the Defendant in open court and by and through his attorney gives notice of appeal to the Court of Appeals of the State of Alabama and execution of this judgment and sentence in this case is hereby suspended pending said appeal, and Defendant's appearance bond is hereby fixed at Two Thousand Dollars ($2,000.-00)."

The case was argued and submitted in this court on January 16, 1947.

In the oral argument, and also in written brief, of able and earnest counsel for appellant, the insistence is made that notwithstanding no objection, by demurrer or otherwise, was interposed to the indictment to which appellant, as stated plead guilty; that the indictment is void and will not support a judgment of conviction for the following reasons. Viz:

"The appellant sincerely contends that the indictment in this case is void and will not support a judgment of conviction.

"The indictment was returned on September 22, 1944, and of course, covered a period of time of three years immediately preceding September 22, 1944. That is, the indictment covered from September 22, 1941, until September 22, 1944. The Court of Appeals takes judicial knowledge that during a part of this three years, towit: from September 22, 1941 to December 1, 1942, Etowah County was a wet county, and during said time it was not a violation of the law to transport within said county in quantities of 5 gallons or more alcoholic beverages which were purchased from the State Liquor stores and on which there were stamps showing that the state tax had been paid.

"The indictment does not allege that the liquor transported by the defendant was illicitly distilled liquor, nor does it allege that it was liquor upon which there were no state tax stamps. Had the indictment alleged that the alcoholic beverage transported by the Appellant was illicitly distilled beverage or that it did not have the state stamps affixed thereto, then of course it would have been a violation of the law to have transported·such liquor even in a wet county."

In connection with the foregoing insistence, and in support thereof, several cases from this court are cited as authority which in some respects sustain portions of counsel's argument, but the sole question involved here has been definitely decided by our Supreme Court and is consequently conclusive of this appeal.

In the case of Ex parte State ex rel. Attorney General (Coker v. State), 207 Ala. 656, 93 So. 383, 384, the Supreme Court said:

"The Court of Appeals holds * * * that the trial court committed reversible error in refusing the general charge requested by the defendant as to count 2 of the indictment, not because of failure of proof or because the thing charged was before the statute under which the indictment was framed became effective, but upon the sole ground that said count was a nullity, in that it charged no offense. If this count of the indictment charged no offense, then it would seem that the defendant was entitled to the general charge as to that count. * * * We cannot agree, however, that count 2 of the indictment charges no offense that would support a conviction. It is true that it is a new offense, and covers a period both when the thing charged was and was not a violation of the law, and was defective upon appropriate demurrer for a failure to aver the time of the commission of the alleged offense. * * *

"It is also true that on demurrer indictments should be construed most strongly against the pleader, and without inferences in favor of same; but the rule is different in the absence of a demurrer, and when they are challenged by a charge upon the theory that they will not support a convic-

tion. If count 2 charged the time of having a still at a time when the same was not prohibited by law, it would not state an offense; but, as it is, it charges an offense punishable by law during a part of the time covered thereby, and is merely defective and uncertain and subject to an appropriate demurrer. It is not wanting in any of the essentials of what constituted a violation of law at the time it was returned and for several months prior thereto * * * such a count was merely held to be defective and subject to demurrer; but neither of these cases holds that the indictment was void because of this defect, and would not support a conviction. In each of these cases the point against the indictment was raised by demurrer, and this court held that said demurrer should have been sustained."

See also Hudgins v. State, 22 Ala.App. 403, 116 So. 306, where the court held, where an indictment was not void, and no demurrer or other objection was interposed the plea of defendant had the effect of waiving any defect contained in the indictment.

The indictment in the instant case was drawn under Title 29, Section 187, Code of Alabama 1940.

No form is prescribed for an indictment drawn under this section. Where no form is prescribed, the provisions of Title 15, Section 232 of the Code of Alabama 1940, are applicable. Said statute reads as follows: "The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended * * *." The statute under which appellant was prosecuted became the law of this State in 1927.

■ Where a statute creates a new offense unknown to the common law, and describes its constituents, the offense may be charged in the statutory language. Gideon v. State, 28 Ala.App. 177, 181 So. 126.

■ We must, perforce, therefore hold that the indictment in this case is not void, hence the insistence of appellant cannot be sustained.

Affirmed.