The only issue presented by the parties on appeal is whether the trial court was in error in overruling the demurrer of defendant (this appellant) to the indictment, which charged in pertinent part that he:
 ". . . Did, with intent to defraud, possess or utter a forged instrument as follows: a check, having knowledge that said instrument was forged, and with intent to defraud, in violation of Title 13A-9-6 of the 1975 Code of Alabama . . ."
Defendant's demurrer was as follows:
 "I. The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he cannot adequately prepare his defense.
 "II. The indictment fails to describe the check, to state the location or time of the crime, to state to whom it was uttered, to *Page 1118 
state who was intended to be defrauded, and to state the amount intended to be defrauded.
 "III. Defendant is alleged to have committed a fraud. Under a fraud allegation, the facts which constitute the alleged fraud must be set out with reasonable particularity. Young vs. State, 348 So.2d 544
(Ala.Cr.App. 1977)."
The defendant had pleaded not guilty to the indictment, but in doing so he had through his attorney reserved the right to file a demurrer to the indictment, which he did soon after the plea of not guilty. The case came on for a hearing of the demurrer, at which defendants' counsel in the presence of the defendant, argued in favor of the demurrer and State's attorney argued to the contrary. The trial court overruled the demurrer, and immediately after the ruling was announced by the court, the following occurred:
 "MR. ALLENSTEIN [Defendant's Attorney]: Your Honor, what we'd like to do at this time with your permission is that we would offer to the Court that we would plead guilty on the charge on the condition that Your Honor allow us to preserve our right to appeal from your decision on the demurrer, and as I understand the law of Alabama, if you specifically give us that right to appeal from that decision we have the right to raise that issue on appeal. If you don't specifically give us that right we don't have the right. So, we would offer to plead guilty on the condition that you allow us the right to appeal your decision on the demurrer.
 "THE COURT: The Court will grant your request for permission to appeal the decision on the demurrer as to the indictments. Specifically reserve that right to you to appeal on the ruling.
"MR. ALLENSTEIN: Thank you, Judge.
 "(Whereupon this concluded the colloquy on the Motion for Demurrer, after which a plea of guilty of the Defendant was taken by the Court)."
On the same day that the above occurred (November 16, 1982), the record shows that the State gave notice to defendant and his counsel that it would proceed against him under the Habitual Felony Offenders Act by reason of two previous felony convictions of defendant, that the trial court adjudged defendant guilty in accordance with his plea of guilty to the indictment in the instant case and proceeded to fix his sentence as follows:
 "And on this the 16th day of November, 1982, the said Defendant being now in open Court and being asked by the Court if he has anything to say why the judgment of the Court and the sentence of law should not be pronounced upon him, defendant says nothing. It is therefore ORDERED AND ADJUDGED BY THE COURT and it is the JUDGMENT AND SENTENCE OF THE COURT that the Defendant be imprisoned in the State Penitentiary for a term of fifteen (15) years concurrent with Cases No. 80-863, 80-864, and 80-865 beginning November 16, 1982."
There is no semblance in the record proper or in the transcript of the proceedings of any determination by the trial court that defendant's plea of guilty in the instant case was voluntarily, intelligently and understandingly entered, as required by Boykinv. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related cases. However, no point is made by appellant as to the validity of judgment of conviction and sentence.
The sole issue on appeal is self-contradictory. As much as we would like to accede to the desire of both parties to decide whether the indictment was demurrable on the grounds asserted, particularly on the ground that "The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he can not adequately prepare his defense," we would be thwarted from deciding the question in favor of appellant if the plea of guilty was voluntarily, intelligently and understandingly entered.
The case should be remanded to the trial court with directions that it conduct a hearing on defendant's guilty plea to determine *Page 1119 
whether it was voluntarily, intelligently and understandingly entered, in accordance with Boykin v. Alabama, supra, and other applicable authorities on the subject.
Upon compliance with these directions, the trial court shall make a return to the order of remandment, with copies thereof to attorneys for the respective parties. Either party aggrieved thereby will have fifteen days within which to file a brief and the opposing party will have ten days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article, (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND