We agree with the Court of Criminal Appeals, 456 So.2d 1117, that the judgment of the trial court is due to be affirmed. We reach this result on different grounds, however, because we disagree with the Court of Criminal Appeals' conclusion that the indictment was not subject to the demurrer interposed by the defendant.
The indictment was subject to demurrer because it did not specify anything about the forged check which Horton was charged with possessing: the indictment did not set out the amount, the payee, the drawer of the check, nor the time or place when Horton possessed it. The indictment did charge Horton with the crime of criminal possession of a forged instrument in the second degree expressly in the terms of Code 1975, § 13A-9-6. If an indictment charges a crime substantially in the terms of the statute creating the offense and sets out all the material elements thereof, it will generally support a conviction even though it might be subject to a proper demurrer. Duin v. State, 288 Ala. 329, 260 So.2d 602 (1972); Allen v. State, 30 Ala. App. 147, *Page 1122 2 So.2d 320, reversed and remanded, 241 Ala. 137, 2 So.2d 321
(1941). In other words, the indictment was not void but merely voidable.
Objections to an indictment which is not void may be waived, usually by failure to interpose a timely demurrer.[1] Howard v.State, 420 So.2d 828 (Ala.Crim.App. 1982); Cusimano v. State,33 Ala. App. 62, 31 So.2d 139 (1947); Allen v. State, supra;McCleskey v. State, 28 Ala. App. 97, 179 So. 394 (1938); Hudginsv. State, 22 Ala. App. 403, 116 So. 306 (1928).
Although Horton filed a timely demurrer, he waived all non-jurisdictional objections to the indictment by pleading guilty to the offense charged. A guilty plea, if entered voluntarily and with understanding of the consequences, waives all non-jurisdictional defects. Lane v. State, 412 So.2d 292
(Ala. 1982); Dingler v. State, 408 So.2d 530 (Ala. 1981).
Although the indictment as framed was not sufficient to protect Horton from the possible double jeopardy of being charged again for possessing the same unspecified check, Horton himself prevented this possibility when, during his Boykin colloquy, he described the circumstances of the events charged. The salient facts of the offense for which Horton has been convicted are now a matter of record and he is protected from subsequent charges for this offense.
Although we would affirm the judgment for the reasons above instead of those set out by the Court of Criminal Appeals, we conclude that the writ of certiorari was improvidently granted.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
All the Justices concur.
[1] These proceedings took place before the effective date of Temp. Rule 16, A.R.Crim.P., which abolishes demurrers in criminal proceedings.