STERLING COMBS, *Petitioner,* v. CITY OF LAKE CITY, *Respondent.*

## Division B.

## Opinion Filed March 17, 1927.

1. The laws of the State do not authorize a Municipal Judge to administer the State Statutes relative to the unlawful possession of intoxicating liquors; but statutes may authorize municipalities to enact and enforce ordinances that are consistent with State law.

2. Even if the search warrant in this case violates the controlling law, the conviction may conform to a duly authorized ordinance and may have been predicated upon sufficient legal evidence without reference to the search warrant or its use.

3. The petition does not show that the conviction was not had under an ordinance or that a purported ordinance is invalid, therefore, the conviction is not shown to be without authority of law.

A Writ of Certiorari to the Circuit Court for Columbia County; M. F. Horne, Judge.

Quashed.

*A. P. Rivers,* for Petitioner.

*J. B. Hodges,* for Respondent.

BUFORD, J.—In this case Sterling Combs was convicted before the Municipal Judge of Lake City, Florida, of the offence of having unlawful possession of intoxicating liquor in Lake City, Florida. Writ of error was taken from the judgment of the Municipal Court of the Third Judicial Circuit. The judgment of the Municipal Court was affirmed.

Writ of Certiorari was issued to review the record of the proceedings as presented to the Circuit Court.

The record shows that the prosecution was based upon an affidavit upon which a search warrant was issued by the Municipal Judge of Lake City.

The laws of the State do not authorize a Municipal Judge to administer the State statutes relative to the unlawful possession of intoxicating liquors; but statutes may authorize municipalities to enact and enforce ordinances that are consistent with State law; and even if the search warrant in this case violates the controlling law the conviction may conform to duly authorized ordinance and may have been predicated upon sufficient legal evidence without reference to the search warrent or its use. The evidence was not properly before the Circuit Judge and can not be considered here at least without a bill of exceptions duly authenticated, as the statute dequires. State *ex rel.* Stillman v. Merritt, 86 Fla. 164, — Sou. —; Parker v. City of Sanford, — Fla. —, 105 Sou. 154; Leonardy v. City of Sanford, — Fla. —, 105 Sou. 339.

The petition does not show that the conviction was not had under an ordinance or that a purported ordinance is invalid, therefore, the conviction is not shown to be without authority of law.

Writ of Certiorari is therefore quashed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.