JOHN H. LEVI, ROBERT R. RALSTON, BARON DEHIRSCH MEYER, HARRY HICE, ARTHUR CHILDERS, VAL C. CLEARY and WILLIAM M. BURBRIDGE, as Councilmen of the City of Miami Beach, v. STATE, *ex rel.* PALM COURT HOTEL, INC.

187 So. 600.
Division A.
Opinion Filed March 21, 1939.

*Loftin, Stokes & Calkins* and *J. Harvey Robillard,* for Plaintiffs in Error;

*Ernest E. Roberts* and *Whitfield & Whitfield,* for Defendant in Error.

THOMAS, J.—At the time the defendant in error originally applied for a license to sell intoxicating liquors there was in force in the city of Miami Beach an ordinance, No. 391, providing that no license should be issued to a retail dealer, "except in hotels having fifty or more guest rooms," in any block in which there was already a licensed dealer. The application was imperfect, because not verified and was denied. Later it was renewed but meanwhile the city council passed as an emergency measure, an amendatory ordinance No. 504, increasing the above number of rooms to one hundred and prohibiting any street entrance to such a bar. The defendant in error was again denied a license and secured one only by reason of a peremptory writ of mandamus to which writ of error was sued out.

The basis for the issuance of the peremptory writ seems to have been another ordinance of the city, No. 289, restricting the use of certain property and prohibiting bars except in hotels of fifty or more guest rooms. This particular ordinance (Sec. 21) provided that "Upon its own initiative, or upon the petition of the owners of a majority of frontage in any area, the City Council may, after having held a public hearing following at least fifteen (15) days notice" amend or repeal its regulations and boundaries.

It was held that in the absence of such notice the ordinance numbered 504 could not be of any force. The effect of this ruling would be that a city council could hamper a succeeding one in the enactment of law although the authority of both sprang from the same source.

We think that the city council in 1938 had the same authority as the one in 1930 and that the former could not place any limitation on the powers of the latter, see Higgins' Estate v. Hubbs, 31 Ariz. 252, 252 Pac. Rep. 515; Mix v. Illinois Cent. R. Co., 116 Ill. 502, 6 N. E. Rep. 42; Solberg v. Davenport, 211 Iowa 612, 232 N. W. Rep. 477, therefore, that the restrictions of Section 21 of ordinance 289 were not an obstacle to the passage of ordinance No. 504, which altered the terms of ordinance No. 391.

The defendant in error has attacked the ordinance numbered 391 as amended on the grounds that the same is unreasonable and discriminatory as applied to the relator. This position does not seem to find support in the former decisions of this Court, which we will cite.

In State, *ex rel.* Floyd v. Noel, 124 Fla. 852, 169 South. Rep. 549, it was said that an ordinance prohibiting the sale of liquors within certain hours and excepting from its provisions hotels having one hundred rooms or more was not void because of unfair discrimination. A similar exception was upheld in *Ex parte* Lewinsky, 66 Fla. 324, 63 South. Rep. 577, 50 L. R. A. (N. S.) 1156.

We are not convinced from the record that the amendatory ordinance was passed for the sole purpose of preventing the issuance of a license to the defendant in error, and the mere fact that it may be the only one affected would not of itself stamp the enactment as unjustly discriminatory. See State, *ex rel.* Simpson, v. Ackerly, 69 Fla. 23, 67 South. Rep. 232.

In view of these conclusions, it is the order of the Court that the judgment awarding a peremptory writ of mandamus is, hereby, reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.