DAN J. CASEY and J. F. CASEY, Operating and Doing Business as CASEY's OASIS, et al., v. THE CITY OF MIAMI BEACH and H. V. YOCUM, as Chief of Police of the City of Miami Beach.

193 So. 827

Division B

Opinion Filed February 16, 1940

*William J. Pruitt,* for Plaintiff in Error;

*J. Harvey Robillard,* for Defendant in Error.

CHAPMAN, J.—The order appealed from presents to this Court the question of the validity of Ordinances numbered 391 and 394 of the City of Miami Beach, Florida. It is contended by counsel for plaintiffs in error that the said ordinances are unreasonable, discriminatory, and as framed are class legislation, which makes each thereof invalid.

Ordinance No. 391 permits or allows the sale of intoxicating liquors at places designated or commonly known as "bars" from 7:00 o'clock A. M. until 2:00 o'clock A. M. the following day, being a period of nineteen hours; while under the provisions of Ordinance No. 394, being an occupational license ordinance, businesses designated or commonly known as "night clubs" are permitted to dispense or sell liquors from 7:00 o'clock A. M. to 7:00 o'clock A. M., a period of twenty-four hours per day, and the amount of the occupational license tax for "night clubs" is fixed at the sum of $2,500.00.

Section 15 of the ordinance is, viz.:

"SECTION 15. No vendor shall sell or offer for sale, or deliver, or serve, or permit to be consumed upon the premises of such vendor, any liquors, bear or wine on any day between the hours of 2:00 o'clock A. M. and 7:00 o'clock A. M., and every vendor licensed under sub-sections (e), (g), and (h) of Section Seven (7) hereof, shall close and keep closed his or its place of business and shall transact no business therein or therefrom, and shall not allow

customers to remain therein between said hours; provided, however, that this section shall not apply to Night Clubs.

"The term 'night club' as used in this ordinance shall mean a restaurant, dining room or similar establishment, where intoxicating liquor of any alcoholic content is sold, given away or consumed on the premises, where a floor show or other entertainment is provided for guests at any time between 12 o'clock midnight and 7:00 o'clock A. M. Night clubs shall be sound-proofed and their windows, doors and other openings kept closed in order that the noise therefrom may not disrupt the peace and quiet of the neighborhood."

We think the basis of classification is sufficient as against the attacks here made. The validity of each of the ordinances is sustained on the authority of State *ex rel.* Floyd v. Noel, 124 Fla. 852, 169 So. 549, and Levi v. State *ex rel.* Palm Court Hotel, Inc., 136 Fla. 806, 187 So. 600. We find no error in the record. The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.