**KENNETH COWAN, JR.,** doing business as **CHATTERBOX,** v. **CITY OF ST. PETERSBURG,** a municipal corporation, and **E. D. VAUGHN,** as Chief of Police, as well as all City Policemen of the City of St. Petersburg, Florida, et al.

6 So. (2nd) 269                                   Division A
February 10, 1942

C. J. Hardee, for petitioner.

Carroll R. Runyon, Lewis T. Wray and Harry I. Young, for respondents.

BUFORD, J.:

This case is related to that styled Nelms, et al., v. City of St. Petersburg, which we had before us and in which we handed down our opinion and judgment on December 23, 1941. After the mandate went down in that case the appellant here led his bill of complaint seeking injunction.

The ordinance provisions which were discussed in that case are now under attack. The pertinent allegations in the bill now under consideration, which differ to some extent from those presented in the former case, are:

"1. That plaintiff is a citizen, resident and taxpayer of the City of St. Petersburg, County of Pinellas

and State of Florida, and is legally and lawfully engaged in the business of operating a high class restaurant selling and dispensing food, and has been so engaged for the past six years; that he has invested in excess of seventy-five thousand dollars in the establishment of the Chatterbox, which restaurant enjoys a wide and lucrative business, serving a clientele whose home residences extend over practically every one of the forty-eight states of the Union, Cuba and Canada; that plaintiff also enjoys business from a clientele residing in St. Petersburg and a wide space around St. Petersburg, every evening many customers coming from Tampa, Clearwater and surrounding towns to dine, listen to music and dance in the Chatterbox, which is widely and favorably known because of its excellent service and reputation built over a period of many years; that in addition to the money expended in the building, for the property, for furnishings, and for stock in the Chatterbox, the plaintiff has spent considerable time and money in advertising and in the building up of good will; and that in addition to serving food as set forth hereinabove the plaintiff furnishes music, generally an orchestra, and frequently singers and entertainers, for the amusement, enjoyment and pleasure of his clientele so that as they dine they may also listen to music, watch the entertainers, and, if they desire, dance.

"2. That the plaintiff has State, County and Municipal licenses to operate the restaurant business as aforesaid, and pays high licenses and taxes on the building, the property and for the purpose of operating said restaurant business in the City of St. Petersburg, Florida.

"3.   That plaintiff, as an incident to the restaurant business, sells and furnishes to his customers wines, liquors and beers and for the purpose of selling such spiritous, malt and vinous drinks has paid all licenses and taxes, Federal, State, County and municipal, imposed by law for the operation and conduct of said business; that the business of plaintiff is located within the corporate limits of the City of St. Petersburg and within the limits provided for the sale of intoxicating liquors and beverages; that plaintiff is legally qualified in every respect under all the laws, Federal, State, County and Municipal, to engage in the business of selling and dispensing alcoholic liquors and beverages at his place of business; that licenses and taxes to conduct said business for the fiscal year beginning October 1st, 1941, and ending October 1st, 1942, have been paid; that said business of selling and dispensing alcoholic liquors and beverages, wines and beers, is only a minor portion of the business of the Chatterbox, but that it is necessary to furnish such alcoholic drinks to please the clientele of plaintiff and that if said drinks were not furnished to the customers they would go to other places where they could obtain such drinks with their food."

And

"6.   Plaintiff further represents that he does not know the desire and intention behind those persons responsible for the passage of said ordinance but that such parties must have realized the ultimate effect of said passage and that such effect has merely been the loss of business to the Chatterbox, which is duly licensed to do a restaurant business as well as to sell intoxicating liquors and beverages in the City of St. Petersburg, all of which said loss has meant a gain to

those people in the same business outside the City of St. Petersburg and to those nearby resorts, cities and towns, where the customers of this place have been forced to go notwithstanding the fact that plaintiff is licensed to do the same business as those outside the City of St. Petersburg. Plaintiff represents that much of his business has been taken over by various and sundry other places of business licensed just as plaintiff is, either outside the City of St. Petersburg or within the City of St. Petersburg if they did not hold licenses to sell intoxicating liquors, wines and beers. Plaintiff alleges that other restaurants in the City of St. Petersburg are allowed to remain open during the so-called prohibited hours while he is forced to close his doors, and that he cannot furnish food, a necessity of life, to his customers while other restaurants located within a block of the Chatterbox are permitted to sell food and the other necessities of life, all of which has, is and will continue to irreparably damage the business of plaintiff to the extent of thousands of dollars by the loss of this business.

"7. Plaintiff further represents that in order to meet the demand of defendants and in accordance with said ordinance 947-A, he has so constructed his business that he can entirely lock off the portion of the place of business where the liquor, wines and beers are kept so that during the so-called prohibited hours he not only will not serve, sell or furnish to his customers or anyone else the said alcoholic liquors, wines and beers but he will have them securely locked so that no one will either enter or leave the place where such liquors themselves are stored, but notwithstanding this fact the defendants claim he cannot keep his restaurant business open, and he has ascertained from

defendants and their legal representatives that there is no manner in which he can construct his place of business so that he can keep his restaurant business open during the so-called prohibited hours unless he gives up and cancels his license to sell intoxicating liquors, wines and beers, all of which is most unreasonable on the part of defendants.

"8.  Plaintiff represents that he has not only so constructed the Chatterbox so that the liquor stock can be and is segregated and shut off by closed doors from that part of the establishment used for restaurant purposes, but that he has offered to see that none of such liquors, wines and beers were sold or furnished to his customers or to anyone else, but defendants have informed him that this is not sufficient and that so long as he has a license to sell such intoxicating liquors, wines and beers at the Chatterbox he can not remain open for any business of any kind or character within the so-called prohibited hours except to go there himself or for his help to go there and clean up, or to let the firemen or policemen come in, all of which has, is and will continue to irreparably damage the business of plaintiff.

"9.  Plaintiff further represents that while he is forced to close his doors and transact no business of any kind during the so-called prohibited hours, other places of business on the same street, in the same locality and within a stone's throw of the Chatterbox, are permitted to sell the same goods, wares, merchandise and food which plaintiff is forbidden to sell, all because he has a license to sell liquors, wines and beers and they do not have such licenses.

"10.  Plaintiff further represents that in and by Chapter 15884, Acts of 1933, and Chapter 16774, Acts

of 1935, known as the State Beverage Act, it was intended by the Legislature to abolish the old-fashioned bar-room and kindred businesses and that it was the intention of the legislature to establish restaurants which sold intoxicating beverages. Plaintiff represents that this was the idea of the sponsors of the abolishment of the farce known as National Prohibition. Plaintiff represents that if Sections 8, 9 and 10 of Ordinance 947-A are upheld it will force institutions like the Chatterbox out of business and the sale of intoxicating beverages will be restricted to those parties having for their sole investment the purchase of a license and the purchase of small amounts of intoxicating beverages.".

After taking testimony, the circuit court entered its order as follows:

"This cause coming on to be heard upon the bill of complaint, a motion to dismiss said bill contained in defendant's answer, an application by plaintiff for a temporary restraining order, and testimony taken on said application for temporary injunction, and the court having heard argument of counsel representing the respective parties, both as to the application for temporary injunction and upon the motion to dismiss, and the Court being fully advised in the premises, finds:

"1.   That the motion to dismiss should be denied.

"2.   That the plaintiff, Kennett Cowan, Jr., operates a cocktail lounge and grill known as the Chatterbox with a large clientele, and as such sells food and intoxicating beverages.

"3.   That the sale of intoxicating beverages is the primary business of the plaintiff and not merely inci-

dental as alleged in plaintiff's bill. The testimony discloses that of plaintiff's gross receipts 55% is derived from his liquor business.

"4. That it would be necessary for the plaintiff in order to comply with the present ordinance to make certain physical alterations or changes at his place of business. It would be necessary for the plaintiff to operate a restaurant business either on the second floor or the first floor and not dispense alcoholic beverages in connection with this business and operate a combined restaurant and bar or cocktail lounge on the other floor and thus have the two businesses separate distinct and apart. If this were done by the plaintiff, he would necessarily have the expense of the physical alterations and in addition, would have to obtain a license for each separate business. It is not clear from the testimony what sum of money would necessarily be expended.

"5. That the Chatterbox is either now so constructed that during the prohibited hours mentioned in Ordinance 947-A the intoxicating beverages could be locked off from the food and restaurant business by locked doors or with a minor and inexpensive change or two can be so constructed, which change or changes plaintiff offers to make.

"6. That under the authorities cited and the evidence in this cause, Sections 8, 9 and 10 of Ordinance 947-A are not unreasonable and arbitrary as applied to plaintiff's business and it is the opinion of the Court that the City of St. Petersburg had legal authority to totally close plaintiff's business during the prohibited hours mentioned in the ordinance, notwithstanding the fact that he holds a license for the sale of food.

"7. That the former ordinance of the City of St. Petersburg, Ordinance 831-A, which merely prohibited the selling, serving or dispensing of intoxicating beverages after the hour of 10:00 o'clock P. M., was violated by the plaintiff and others to such an extent as to become public knowledge.

"8. That while the Ordinance under consideration might appear to be objectionable in that it provides for absolute closing, which could be said to rest upon a presumption that liquor dealers would not abide by an ordinance which merely made it unlawful to sell alcoholic beverages after a certain hour at night and on Sunday; nevertheless, such objection cannot be successfully made by this actor in a court of equity, for the evidence clearly shows that said plaintiff did violate such an ordinance and that the city knew this when it enacted this ordinance, as did also the public when by an election it ratified the enactment by a vote of more than four to one.

"9. That upon a consideration of the pleadings and all the testimony adduced in this cause, the plaintiff has failed to establish his contention that this ordinance as applied to his business is unreasonable, arbitrary, and therefore invalid.

"It Is Thereupon Ordered that the motion to dismiss the bill of complaint filed on behalf of the defendants be and the same is hereby denied.

"It Is Further Ordered that the application for a temporary restraining order on behalf of the plaintiff be, and the same is hereby denied."

The evidence supports the findings of fact and it appears that the correct principles of law were applied thereto.

It cannot be maintained that the ordinance worked an unlawful discrimination between persons, firms or corporations engaged in the same business in which the appellant was engaged. It is true the appellant alleged and proved that other restaurants were allowed to continue in operation during the prohibited hours, but there is no showing that the sale of intoxicating liquors, wines and beers was licensed or permitted in such other restaurants so allowed to continue in operation.

The showing is to the contrary that as to all restaurants wherein the sale of intoxicating liquors, wines or beers is permitted or licensed the provisions of the ordinance are applied. If it had been shown that complainant's restaurant was not a place where the sale of intoxicating liquors, wines or beers was permitted or licensed but was merely adjoining a place where such sales were permitted or licensed, then it might be that by closing the doors between the restaurant (where such sales were not permitted or licensed) and the place where such sales were permitted or licensed, complainant's restaurant would not come within the purview of the ordinance, but the showing is that the restaurant was a place where such sales were permitted and licensed, although the stock of liquors, wines and beers was kept in an adjoining room.

It, therefore, follows that when the complainant elected to engage in the restaurant business and in the business of a retail dealer in intoxicating liquors, wines and beers in the same room or place he thereby made such combination of businesses amenable to all lawful regulations applying to a place of business in

which intoxicating liquors, wines and beer are sold at retail.

We are dealing here only with the regulation as to opening and closing places of business where the sale of intoxicating liquors, wines and beers is permitted or licensed. Such regulations have been uniformly upheld. See Ex Parte Thomas, 56 Fla. 100, 47 Sou. 796; Ex Parte Peacock, 25 Fla. 478, 6 Sou. 473; State v. Noel, 124 Fla. 852, 169 Sou. 549; Casey, et al., v. City of Miami Beach, 141 Fla. 793, 193 Sou. 827.

In the case of Balbontin v. State, 68 Fla. 84, 66 Sou. 421, it was held:

"Chapter 6516, Acts of 1913, does not make it a misdemeanor to us or allow doors or screens, etc., in a single room where a restaurant and a liquor saloon are 'run and operated in the same room' by the same proprietor, when such proprietor has duly procured and holds one license for such place as a retail liquor dealer and also a proper license for the same room as a restaurant keeper in connection with a barroom. The law does not contemplate that in such a case two liquor licenses shall be obtained and held, when the business of a liquor saloon and a restaurant are conducted in the same room by the same proprietor, and there is no attempt to evade the law regulating such subjects."

In the case of State v. Fuller, 133 Fla. 554, 182 Sou. 888, it was held:

"Persons engaged in the liquor business, or about to become engaged therein, do so with full knowledge of the power of the legislature to make further regulations of the business as its judgment and discretion shall dictate."

And, in the case of Tittsworth v. Akin, 118 Fla. 454, 159 Sou. 779, it was held:

"Powers granted city by charter to enact ordinances embracing police regulations *held* broad enough to authorize enactment of all necessary ordinances regulating sale of intoxicating liquors."

We must hold that it is not beyond the power of a municipality to compel by ordinance the closing of places of business where the retail sales of intoxicating liquors, wines or beers are licensed and permitted during certain reasonable hours. The hours during which such places are required to be closed under the provisions of the ordinance here under consideration can not in the light of our opinions cited, supra, be held to be unreasonable.

It is contended that the enforcement of the ordinance complained of deprives the complainant of the right to engage in lawful business, to-wit: the restaurant business, at the place where he is now engaging in such business. The contention is not tenable. The ordinance prohibits the keeping open of that place of business during certain designated hours as long as the complainant is permitted or licensed to sell at retail intoxicating liquors, wines or beer in that place of business. The ordinance affects in like manner every other place of business within the municipality where the proprietor holds a license or permit to sell at retail intoxicating liquors, wines or beer in such place of business and, therefore, affects the members of an entire class each alike.

The entire record discloses no reversible error and, therefore, the writ of certiorari to review the order complained of is granted and the writ quashed..

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.