121 So.2d 790 (1960)
Murray SEGAL and George E. Paul, Trading and Doing Business As Five O'Clock Club, and Rose Turner, Trading and Doing Business As Band Box, et al., Appellants,
v.
Clyde H. SIMPSON, As Tax Collector of Duval County, Florida, and L. Grant Peeples, As Beverage Director of the State of Florida, Appellees.
Supreme Court of Florida.
July 6, 1960.
*791 Albert J. Datz and Leonard Silver, Jacksonville, for appellants.
Adams & Tjoflat, Jacksonville, for Clyde H. Simpson, as Tax Collector and Edward H. Robinson, Jacksonville, for State Beverage Department, appellees.
WHITE, JACK F., Circuit Judge.
The appellants have challenged a decree denying them injunctive relief and upholding Section 5 of Chapter 59-316 Laws of Florida 1959 which would impose a license fee of $25 per day on any commercial establishment catering to the public by offering "live entertainment" and which, in addition, permits consumption of alcoholic beverages on the premises and does not hold a valid beverage license of any classification permitting consumption on the premises. The section of the act in question is one of several 1959 amendments to the Florida Alcoholic Beverage Law as compiled in Chapter 561 Florida Statutes F.S.A. No other provision of the amendatory act is here involved.
It is contended that Section 5 of Chapter 59-316, which requires the license aforesaid, contravenes Section 16 of Article III of the Florida Constitution, F.S.A. in that the subject thereof is not fairly expressed in the title of the act by which it was enacted and is further invalid in that its requirements are fatally discriminatory and unreasonable. The contrary contentions of appellee tax officials were sustained by the Chancellor and the appellants, assigning error, have appealed pursuant to Article V, Section 4 (2) of the Florida Constitution authorizing direct appeals to this Court in cases where the judgment or decree appealed from passes directly upon the validity of a state statute or construes a controlling provision of the Florida or federal constitution.
Section 5 of Chapter 59-316 is compiled as Section 561.34(13) (a) Florida Statutes 1959, F.S.A. and provides as follows:
561.34 "13. (a) Any person, firm or corporation operating a commercial establishment catering to the public by offering live band music, singers or other form of live entertainment, and which shall, in addition to said live entertainment, permit consumption of alcoholic beverages on the premises and does not hold a valid beverage license of any classification permitting consumption of said alcoholic beverages on said premises, shall pay a license fee of twenty-five dollars per day * * * of operation in addition to any other license fees now required by law. Such licenses herein required shall be issued by the beverage department for a period of less than thirty days." (Emphasis supplied)
This is the amendatory provision under attack in this case, and it was enacted under the following title:
"An Act relating to the administration of the alcoholic beverage law; amending Sections 561.17, 561.18, 561.27 and 561.34, Florida Statutes; setting an effective date."
The appellants operate commercial establishments in Duval County which cater to the public in providing customers with food and dancing facilities together with band music and other forms of live entertainment. They permit consumption of alcoholic beverages on the premises and do not hold beverage licenses of any classification permitting consumption on the premises. These establishments are sometimes called "bottle clubs", and the quoted *792 amendment clearly purports to bring them within its purview. If this amendment is held valid, the appellants may be subjected to the license therein required and brought within the administrative jurisdiction of the State Beverage Department.
Perceiving fatal infirmity in the substantive content of the amendment in question, we refrain from deciding whether or not the title of the act comports with the requirements of Section 16 of Article III of the Florida Constitution. The burden of this opinion is accordingly addressed to the proposition that the decree appealed from upholds an arbitrary legislative classification of appellants' business and the imposition of prohibitive and discriminatory license fees contrary to constitutional limitations. In this connection we would first observe that appellants' establishments, though of a character perhaps not affirmatively favored by law, are not mala in se nor mala prohibita and are therefore to be considered lawful business enterprises.
The Courts generally uphold legislative classifications of business for license purposes if there are substantial differences between those in a particular class and those otherwise classified or omitted. Classifications must not be arbitrary or capricious, and when attacked on these grounds the classifications are to be compared not only in relation to each other but also in relation to the amount of license fees imposed or not imposed. There must be some reasonable ground of differentiation so as not to create a clearly preferred class. Am.Jur. Licenses, Sections 30-36; U.S.Const. Amendment XIV; Whitney v. California, 274 U.S. 357, 47 S.Ct. 461, 71 L.Ed. 1095.
The amendment here in question could exact from an appellant's establishment annual fees totaling approximately ten times the license requirements of an ordinary bar-restaurant in the same general locality. Section 561.34(4) Florida Statutes 1959, F.S.A. Although these are not completely identical situations they are sufficiently alike to illustrate a sharp discrimination. Such contrast of treatment denotes a policy of exclusion rather than regulation of the less favored class of business.
Legislation of this character runs counter to the generally accepted doctrine that prohibition of a business not per se dangerous, immoral or contrary to well established public policy may not be accomplished under the power to license. A license contemplates not the denial of a right but the regulation of such right, and the fee should be reasonably commensurate with the expense of regulating the business to be licensed. Dusenbury v. Chesney, 97 Fla. 468, 121 So. 567; Jackson v. O'Connell, 114 Fla. 705, 154 So. 697; Am.Jur. Licenses, Sections 30-36; Am.Jur. Const. Law, Section 263.
The amendment in this case would impose on one class of drink-permitting establishments fees up to $7,825 for a year's operation, but it wholly fails to include other establishments similar in all respects except that they do not offer live entertainment. Apparently no license fee in any amount would be required of drink-permitting establishments offering non-live entertainment through such media, for example, as motion pictures, stereophonic recordings or television or no formal entertainment whatsoever. The result is a flagrant preferment, through omission, of establishments basically similar to appellants' and which should be equally amenable to regulation.
An analysis of the amendment thus indicates that it was not formulated with the circumspection that such legislation demands. The ends sought to be accomplished by a legislative act may be within the police power of the state, but the methods provided may be constitutionally objectionable as unreasonable and arbitrary, a denial of equal protection of the laws, and not truly designed to carry out the real purpose of the act. Am.Jur. Const. Law, Sections 302-304.
*793 Notwithstanding the broad discretionary power of the legislature to license and regulate business establishments affecting the public interest, the wide disparities in the operative effect of this amendment impel the conclusion that it clearly transgresses permissible legislative discretion. Section 5, Chapter 59-316, Laws of Florida 1959, compiled as Section 561.34(13) (a), Florida Statutes 1959, F.S.A., is, therefore, invalid and its provisions unenforceable.
Though we do not treat of the title we are impelled to observe that it approaches dangerously a form that might, upon scrutiny, result in a declaration that it offends against Sec. 16, Art. III, supra.
The decree appealed from is reversed and the cause remanded for proceedings consistent herewith.
Reversed.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.