399 So.2d 1077 (1981)
Hugh HARDAGE, Appellant,
v.
CITY OF JACKSONVILLE BEACH, Paul Brown and Dale Carson, Appellees.
No. WW-406.
District Court of Appeal of Florida, First District.
June 19, 1981.
*1078 Hugh A. Carithers, Jr., of Sheppard & Carithers, P.A., Jacksonville, for appellant.
Stephen Stratford, of Stratford & Booth, P.A., Jacksonville, for appellees.
PER CURIAM.
Appellant owns a licensed liquor establishment, the Mai Kai Lounge, in Jacksonville Beach, Florida. He challenges a City of Jacksonville Beach ordinance which bans the sale of alcoholic beverages on Sunday with certain exceptions. The exceptions allow hotels and motels with 100 or more guest rooms, restaurants receiving the majority of their gross annual income from the sale of food, and private clubs to sell alcoholic beverages on Sunday for consumption on premises only. Appellant admits he does not fit within one of the exceptions to the ordinance.
He challenges the ordinance on two grounds. First, the ordinance is overbroad because there is no valid legislative distinction between his place of business and those businesses allowed to sell liquor on Sundays. Second, the City does not have the power to regulate the manner of sale (restrict consumption to on premises only) because the laws of Florida allow a city to regulate only the hours, location, and sanitary conditions of establishments licensed to sell liquor. We affirm.
The Florida Legislature has empowered the cities to regulate the location of liquor establishments, the hours the establishments may stay open, and the sanitary conditions of these establishments. Section 562.45(2), Fla. Stat. (1979). Under the power to regulate "location" of liquor establishments, municipalities may permit one or more types of sale in a designated area without being required to permit all other modes of sale therein. Gross v. City of Miami, 62 So.2d 418 (Fla. 1953). In City of Miami Beach v. State, 129 So.2d 696 (Fla. 3rd DCA 1961), the court cited with approval Gross v. City of Miami, supra, in upholding an ordinance which excluded certain types of liquor establishments within certain zones of the city. In Casey v. City of Miami Beach, 141 Fla. 793, 193 So. 827 (Fla. 1940), an ordinance was upheld which restricted liquor vendors to being open nineteen hours per day while allowing "night clubs" to remain open twenty-four hours per day. Furthermore, in State v. Noel, 124 Fla. 852, 169 So. 549 (Fla. 1936), the Florida Supreme Court upheld an ordinance which prohibited the sale of liquor between the hours of 10:00 p.m. and 6:00 a.m. However, hotels having 100 or more guest rooms were allowed to sell liquor between 10:00 p.m. and midnight on week days.
Based on the above authority, the City of Jacksonville Beach was acting within its statutory power in restricting the Sunday sale of liquor in the ordinance challenged below.
It is well-settled in this jurisdiction that in the exercise of its police power a municipality may regulate and restrict liquor vendors in the operation of their businesses. In so doing the municipality has a wide discretion in classifying such liquor vendors and may enact restrictions and regulations to that end, so long as such restrictions and regulations are on a reasonable and practicable basis as to each classification sought to be regulated.
*1079 City of Miami Beach v. Cohen, 47 So.2d 565 (Fla. 1950). Since there is a rational basis for the city's ordinance restricting liquor sales on Sunday to hotels, motels, restaurants, and private clubs, we affirm the trial judge's order holding this ordinance constitutional.
Appellant failed to meet his burden of demonstrating no rational basis for the legislative distinctions in the ordinance. When reviewing a city ordinance "the motives of the commission and the reasons for which it induced passage of the ordinance are irrelevant." City of Pompano Beach v. Big Daddy's, Inc., 375 So.2d 281 (Fla. 1979). All presumptions are in favor of an ordinance's validity and all ordinances will be construed, if possible, to give a result which renders them constitutionally valid. High Ridge Management Corp. v. State of Florida, 354 So.2d 377 (Fla. 1977). If reasonable argument exists on the question of whether an ordinance is arbitrary or unreasonable, the legislative will must prevail. City of Miami Beach v. Cayfetz, 92 So.2d 798 (Fla. 1957).
As to appellant's second point on appeal, we hold he has no standing to challenge that portion of the ordinance which restricts liquor sales to consumption on premises only. Appellant is in that group of liquor vendors who are not allowed to sell liquor on Sunday. Therefore, he is not affected by that portion of the ordinance which restricts those establishments allowed to sell liquor on Sunday to sales for consumption on premises only. To have standing to challenge a portion of an ordinance, appellant must be affected by that portion he seeks to attack. 10 Fla.Jur.2d Constitutional Law § 62.
One cannot raise an objection to the constitutionality of a part of a statute, unless his rights are in some way injuriously affected thereby,...
State ex rel. Clarkson v. Phillips, 70 Fla. 340, 70 So. 367 (Fla. 1915). Since appellant is not affected by that portion of the ordinance he challenges in his second point on appeal, he has no standing to raise his second point on appeal.
Accordingly, the trial court's order is AFFIRMED.
McCORD and LARRY G. SMITH, JJ., and LILES, WOODIE A., (Retired) Associated Judge, concur.