Mr. James G. Yaeger County Attorney County of Lee Post Office Box 398 Fort Myers, Florida 33902-0398
Dear Mr. Yaeger:
This is in response to your request for an opinion on the following question:
1. DOES A NONCHARTER COUNTY HAVE THE AUTHORITY TO PROHIBIT:
 (a) THE CONSUMPTION OF ALCOHOLIC BEVERAGES, TO INCLUDE BEER AS WELL AS INTOXICATING LIQUORS, ON A SEMI-PUBLIC PARKING LOT, PUBLIC STREET OR PUBLIC RIGHT-OF-WAY; AND
 (b) THE CARRYING, TRANSPORTING OR POSSESSION OF UNSEALED ALCOHOLIC BEVERAGES, TO INCLUDE BEER AS WELL AS INTOXICATING LIQUORS, EXCEPT IN THE ORIGINAL PACKAGE WITH THE SEAL UNBROKEN, ON SAID SEMI-PUBLIC PARKING LOT, PUBLIC STREET OR PUBLIC RIGHT-OF-WAY?
As your inquiry notes, ss 562.452 and 562.453, F.S., pertain, respectively, to sale or service by the drink of intoxicating liquors (other than malt beverages of legal alcoholic content [not more than 3.2% of alcohol by weight] such as beer), outside licensed (vendor) premises, and to consumption of such intoxicating liquors at curb or drive-in stands. These statutes do not prohibit curb or drive-in sale or service of malt beverages of legal alcoholic content nor do they prohibit consumption of such beverages at curb or drive-in stands. Thus, you ask whether the existence of state statutes on these subjects deprives a noncharter county of power to legislate on the same general subject and whether the county can adopt an ordinance prohibiting, in certain instances, the consumption, carrying, transporting, or possession of unsealed alcoholic beverages, including beer, in the absence of preemptive state statutes. For the following reasons, both parts of your question, as set out on Page One, are answered in the affirmative. This response assumes that the ordinance would be properly drawn and enacted, and applied so as not to contravene any express or implied constitutional rights; the ordinance should also be drawn so as not to apply to persons engaged in picking up empty beverage containers for the purpose of collecting the deposit or value of the can itself, nor to persons taking part in a litter control campaign.
Section 125.01, F.S., implements the provisions of s 1(f), Art. VIII, State Const., which gives counties not operating under county charters, such as Lee County, such powers of self-government as are provided by general or special law. This provision of the Florida Constitution also authorizes the board of county commissioners of such a county to enact ordinances in the manner prescribed by Ch. 125, F.S., which are not inconsistentwith general law or special law. The first sentence of s125.01(1), F.S., grants to the governing body of a county the full power to carry on county government. Unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of this sentence, has full authority to act through the exercise of home rule power. See, Speer v. Olson, 367 So.2d 207 at 210-211 (Fla. 1979), holding that since there was no statute, general or special, which either specifically authorized or restricted the county with respect to the issuance of certain general obligation bonds, the first sentence of s 125.01(1), therefore, empowered the county board to proceed under its home power to accomplish such purpose. See also, State v. Orange County, 281 So.2d 310 (Fla. 1973), and s 125.01(1)(w) and (3)(b), F.S.
Note also, s 125.01(1)(o) (providing that county home rule powers include but are not limited to establishment and enforceable of regulations for the sale of alcoholic beverages in the unincorporated areas of the county pursuant to general law, and compare s 1(f), Art. VIII, which stipulates that a noncharter county ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict. See also, s 562.14, which regulates the time for sale of alcoholic beverages, while also acknowledging the power of counties to impose different regulations by county ordinance. Seealso, AGO's 73-197 and 76-40.
My research has not revealed, nor have you drawn to my attention, any general or special law which preempts to the state or restricts the county's regulation of the actions or activities described in your question — ss 562.452 and 562.453 do not purport to do so. In determining whether a conflict or inconsistency exists between a statute and a local ordinance the mere fact that the ordinance imposes more stringent regulations than those imposed by statute has been held not to create a conflict, 48 C.J.S. Intoxicating Liquors s 31, p. 327, and there is room for both the ordinance and the statute to operate, even though they cover the same ground, if there is no irreconcilable conflict between them. Id., s 30 citing Nelson v. State, 26 So.2d 60 (Fla. 1946). Compare, State v. Pickett, 59 So.2d 856 (Fla. 1952) (holding a city liquor licensing ordinance in direct contravention of state law); Cf., City of Miami Beach v. Rocio Corp.,404 So.2d 1066 (3 D.C.A. Fla., 1981), rev. den. and dism'd, 408 So.2d 1092 (discussing the test for `conflict' with state law in the context of modern municipal home rule powers); see also, Combs v. Lake City, 112 So. 51 (Fla. 1927); City of Lafayette v. Elias,95 So.2d 281 (La. 1957) (discussing the police power of a Louisiana municipal corporation to enact an ordinance imposing a more stringent age limitation for the sale of alcoholic beverages, and holding that such an ordinance did not contravene a more lenient state law); see, AGO 71-18 (discussing the term `public place' as applicable to a parking lot of a privately owned apartment house); 6 McQuillin, Municipal Corporations s 24.169, p. 729. However, any ordinance which your county enacts must, as an *3060 exercise of the police power, be reasonable and bear some substantial relationship to the public health, peace, safety, morals, or welfare. See, City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957); City of Wilton Manors v. Starling 121 So.2d 172, (2 D.C.A. Fla., 1960); Cowan v. City of St. Petersburg, 6 So.2d 269 (Fla. 1942), 139 A.L.R. 750; Tittsworth v. Akin, 159 So. 779 (Fla. 1935). Whether the proposed ordinance which you describe would be a reasonable exercise of the police power is for the county commission to determine in the exercise of its legislative discretion. See, The Other Place of Miami, Inc. v. City of Hialeah Gardens, 353 So.2d 861 (3 D.C.A. Fla., 1978) (concluding that the legislative body of a municipality has a `full measure of proper legislative discretion in the enactment of such regulatory ordinances'); City of Miami v. Kayfetz, supra, at 801 (noting that the inhabitants of a particular locality should be allowed to determine what rules are necessary for their own local government); City of Wilton Manors, supra, at 174.
In summary, it is my opinion that a noncharter county has the police power, and home rule power pursuant to s 1(f), Art. VIII, State Const., and s 125.01, F.S. to prohibit by ordinance (1) the consumption of a alcoholic beverages, including beer, on a semi-public parking lot, public street or public right-of-way, and (2) the carrying, transporting, or possession of unsealed alcoholic beverages, including beer, except in the original package with the seal unbroken, on a semi-public parking lot, public street, or public right-of-way; such an ordinance does not appear to conflict with s 562.453, F.S., nor does regulation of such activity appear to be preempted to the state or otherwise restricted by general or special law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General